IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD ANTHONY JENKINS**, | Case No. 3:15-cv-0558-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MARK NOOTH**, Superintendent Snake River Correctional Institution; **MR. MIKE GOWER**; **MR. STEVE SHELTON**; **MS. JOEDEAN ELLIOT-BLAKESLEE (deceased)**; **MR. STEVE ROBBINS**; **MS. AIMEE HUGHES**; **MS. ASHLEY CLEMENTS**; **MS. COLETTE PETERS**; **MR. GARTH GULICK**; **MS. JACKIE WICKS**; **MS. SHIRLEY HODGES**; **MR. MAX WILLIAMS**; **TLC COMMITTEE**; **MR. THOMAS BRISTOL**; **MR. JAMES TAYLOR**; **MR. KENNETH LITTLE**, | |
| Defendants. | |

Richard Anthony Jenkins, Sid No. 8772908, 777 Stanton Boulevard, Ontario, OR 97914. *Pro se* Plaintiff.

Ellen Rosenblum, Attorney General, and Vanessa A. Nordyke, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for State Defendants.

Timothy J. Helfrich, Yturri Rose, LLP, 89 SW Third Avenue, P.O. Box S, Ontario, OR 97914. Of Attorneys for Defendant Dr. Kenneth Little.

**Michael H. Simon, District Judge.**

Plaintiff Richard Anthony Jenkins, a prisoner incarcerated at Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants Nooth, Gower, Shelton, Robbins, Hughes, Clements, Peters, Gulick, Wicks, Hodges, Bristol, and Taylor (the "State Defendants") acted with deliberate indifference toward Plaintiff's medical needs and denied him due process.[1] Plaintiff has also named Dr. Kenneth Little as a defendant, but he has not properly been served. Currently before the Court are: (1) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction seeking specific medical care; (2) the State Defendants' Motion for Summary Judgment; (3) Plaintiff's Motion to Compel initial disclosures; and (4) Dr. Little's Motion to Dismiss based on improper service and lack of personal jurisdiction.

Because many of the issues raised in Plaintiff's motion for injunctive relief overlap with the issues raised in the State Defendants' motion for summary judgment, Judge King stayed a decision on Plaintiff's motion pending briefing on the summary judgment motion. After considering all the filings in this case, the Court denies Plaintiff's motion for preliminary injunctive relief without prejudice, grants the State Defendants' motion in part and defers ruling in part, denies Plaintiff's motion to compel, defers ruling on Dr. Little's motion, and appoints counsel for Plaintiff.

**STANDARD**

**A. Motion for Temporary Restraining Order or Preliminary Injunction**

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a

---

[1] The previously assigned judge, Judge Garr King, dismissed several additional defendants.

preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

**B. Motion for Summary Judgment**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th

Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

While Plaintiff was an incarcerated state prisoner, Dr. Little performed surgery on Plaintiff's back on May 20, 2014. Plaintiff contends all pain management ceased by July 30, 2014, that he experiences the same pain as before surgery, and that he struggles to walk, sit, stand, and sleep. He concedes that he now sees a new provider, Lisa Koltes, M.D. (who is not a defendant in this case). Plaintiff asserts, however, that Dr. Koltes, too, refuses to prescribe any medications to Plaintiff that provide him with pain relief. Instead, medical personnel have encouraged Plaintiff to exercise and take over-the-counter pain medications. He reports needing to use a cane for balance and to accommodate the needle-like pain and numbness in his right foot. Plaintiff concedes that Dr. Koltes prescribed Nortriptyline and other anti-depressants, but he disputes that these medications work and he complains that he should not be forced to walk (when it is painful to do so) to collect medications that do not work. Plaintiff further contends that SRCI's medical providers "have been on a course of making Plaintiff try anti-depressants that are not guaranteed to reduce or remedy, diagnose symptoms or injuries with try this[/]try that in hopes something works months later while still suffering severe pains." Pl.'s Mot. at ¶ 51 (ECF 33 at 12-13).

As relevant to his motion for a temporary restraining order, Plaintiff alleges Defendants have failed to examine him properly and have denied him adequate pain medication. He alleges that he has tried many different medications, all without any positive results, and he has not been approved to see a specialist such as a neurosurgeon or rheumatologist. Plaintiff alleges diagnoses of chronic pain, fibromyalgia, and myofascial pain syndrome.

## DISCUSSION

### A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement demands "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).

It is the defendants' burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden of production then shifts to the prisoner to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The "ultimate burden of proof remains with the defendant[s]." *Id.* The court must view all material facts in the light most favorable to the non-moving party. *Id.* at 1173. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166.

Grievances are processed in accordance with the Oregon Department of Corrections ("ODOC") Administrative Rules for Inmate Communication and Grievance Review System.

PAGE 5 – OPINION AND ORDER

Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. Or. Admin. R. ("OAR") 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance. AR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee, contractor, or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; (5) the loss or destruction of property; and (6) sexual contact, solicitation, or coercion between an employee or contractor and an inmate. OAR 291-109-0140(2)(a)-(g). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2). An inmate must file a separate grievance for each ODOC employee regarding a single incident or issue. OAR 291-109-1040(5).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(2)(c). This final appeal is decided by an assistant director having authority over the issue, constituting the final administrative ruling. OAR 291-109-0170(2)(e) and (f).

Plaintiff failed to grieve any conduct of defendants Nooth, Gower, Robbins, Peters, Wicks, Hodges, Bristol, or Williams. Decl. of James A. Taylor in Supp. of Mot. for Summ. J. ¶ 47 (ECF 53 at 17). As a result, Plaintiff failed to exhaust his administrative remedies as to these individuals and they are dismissed.

PAGE 6 – OPINION AND ORDER

B.  **Eighth Amendment Deliberate Indifference**

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). As the Supreme Court has explained,

> The [Eighth] Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotations omitted). A prison official violates a prisoner's Eighth Amendment rights only when the claim satisfies both an objective and subjective inquiry. *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

To meet the objective element, in the context of a claim for failure to provide medical care, a plaintiff must establish a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need is the kind of injury that "a reasonable doctor or patient would find important and worthy of comment or treatment; . . . that significantly affects an individual's daily activities; or [causes] chronic and substantial pain." *Lopez*, 203 F.3d at 1131 (citation omitted). The subjective inquiry requires a showing that corrections officers acted with deliberate indifference to a plaintiff's serious medical needs. *Id.* at 1132. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837.

   a.  **Appointment to see an independent specialist**

Plaintiff seeks an appointment with a specialist from outside the prison. Dr. Koltes opines that, after examining Plaintiff more than 30 times since February 2015, reviewing his medical records, watching him work, and talking with his housing unit officer, she does not believe an

<em>PAGE 7 – OPINION AND ORDER</em>

order to see an outside specialist is supported by any clinical test results. Koltes Decl. ¶ 4, 38 (ECF 40 at 2, 9). "[A] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc)). Instead, "[t]o show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Id.* (quoting *Snow*, 681 F.3d at 988); *see also Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court[.]"). On this record, Plaintiff has not shown that Defendants acted with deliberate indifference by denying Plaintiff's request to see a specialist. Thus, Plaintiff's motion for preliminary injunctive relief is denied with respect to this request, and the State Defendant's motion for summary judgment is granted.

      b. **Treatment of pain**

Plaintiff also complains that Defendants have not properly treated his pain, and he seeks appropriate pain medications and physical therapy. Plaintiff does not attempt to dictate what pain medication he requires instead of those being offered him, he instead requests an alternative to the present course of "hope care." Pl.'s Mot. at ¶ 52 (ECF 33 at 13). Plaintiff has been prescribed numerous anti-depressants, such as Elavil, Effexor, Bupropion, Celexa, Cymbalta, Divalproex, Nortriptyline, and Desipramine, some of which are known to help nerve pain, but none of which have successfully treated his pain. He has also taken other medications such as Tramadol, Valium, non-steroidal anti-inflammatories, and Tylenol.

PAGE 8 – OPINION AND ORDER

Dr. Koltes prescribed Doxeprin (an anti-depressant known to help nerve pain, stopped at Plaintiff's request), and recently strongly encouraged Fluoxetine (another anti-depressant), which Plaintiff insisted would not work, and which he did not take regularly. Given Plaintiff's history with anti-depressants not working to treat his pain, his skepticism at the recommendation to try yet another similar medication is not unreasonable.

Plaintiff's previous physician apparently prescribed Ultram, a narcotic. That treatment occurred in 2013 before Plaintiff's surgery. Dr. Koltes reports that narcotic pain medication is typically not prescribed for fibromyalgia, and that both she and the Therapeutic Level of Care Committee have concluded Plaintiff's condition does not support a current need for narcotic pain medication. It is not apparent from the record that Plaintiff only suffers from fibromyalgia, particularly given his back surgery. The record appears to show that Plaintiff may suffer from other types of pain, and it is unclear whether other types of medications may be beneficial to that pain. Of note, however, courts have found that providing over-the-counter medication in lieu of narcotic pain medication, absent complicating factors, does not provide the basis for an Eighth Amendment claim. *See Heilbrun v. Villanueva*, 2016 WL 3200121, at *4 (D. Or. June 7, 2016); *Jackson v. Multnomah Cty.*, 2013 WL 428456, at *6 (D. Or. Feb. 4, 2013); *Fields v. Roberts*, 2010 WL 1407679, at *4 (E.D. Cal. Apr. 7, 2010); *but see Masden v. Risenhoover*, 2013 WL 1345189, at *6, 17 (N.D. Cal. Mar. 29, 2013) (could not take nonsteroidal anti-inflammatory drugs due to liver problems).

Plaintiff was also, however, previously prescribed Neurontin (a form of gabapentin), which is not a narcotic. This type of medication is commonly used to treat nerve pain and fibromyalgia. Plaintiff has apparently not been prescribed this medication since his surgery. The record is not clear why this type of medication has not been prescribed.

The Court has some concerns regarding the treatment of Plaintiff's pain and defers ruling on the State Defendants' motion for summary judgment on this issue until after counsel has been appointed, can review and further develop the record if needed, and can further argue this issue to the Court. The Court does not, however, find that the record supports the entry of preliminary injunctive relief at this time. On this record, Plaintiff fails adequately to show a likelihood of success on the merits or irreparable harm. The Court therefore denies Plaintiff's motion for preliminary injunctive relief on this issue, without prejudice to renew after counsel has been appointed and the record has been more fully developed.

Regarding the State Defendants' motion for summary judgment, after counsel has been appointed, Plaintiff may file a supplemental response brief in opposition to the motion for summary judgment relating to the treatment of Plaintiff's pain and then the State Defendants may file a supplemental reply brief. The Court will also allow additional discovery, if needed.

**C. Motion to Compel**

Plaintiff's motion to compel the production of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) is denied. Because Plaintiff has been proceeding *pro se*, initial disclosures are exempt under Rule 26(a)(2)(B)(iv).

**D. Motion by Dr. Little**

The Court defers ruling on Dr. Little's motion to dismiss until after counsel has been appointed to represent Plaintiff. Plaintiff may then file a supplemental response brief in opposition to the motion, and may engage in limited discovery relating to jurisdiction, if needed.[1] Dr. Little will then be allowed to file a supplemental reply brief.

---

[1] Plaintiff served Dr. Little through his attorney, who represents that he was not authorized to accept service on behalf of Dr. Little and thus Dr. Little moves to dismiss based on lack of proper service. The Court notes that given the extenuating circumstances of Plaintiff proceeding *in forma pauperis* and *pro se* and being a prisoner without access to the address of

E. Scheduling

After appointed counsel has accepted representation of Plaintiff, the parties shall confer on a schedule for discovery and the filing of the supplemental briefs. The parties shall file a proposed schedule with the Court. If the parties cannot agree on a proposed schedule, then the parties shall file a status report setting forth each party's proposed schedule.

## CONCLUSION

Plaintiff's motion for a temporary restraining order or preliminary injunction (ECF 33) is DENIED WITHOUT PREJUDICE. The State Defendants' motion for summary judgment (ECF 51) is GRANTED IN PART and DEFERRED IN PART. Plaintiff's motion to compel (ECF 90) is DENIED. Dr. Little's Motion Dismiss (ECF 70) is DEFERRED. The Clerk of the Court is directed to appoint pro bono counsel to represent Plaintiff.

**IT IS SO ORDERED**.

DATED this 24th day of April, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

Dr. Little, the Court will consider a request to extend the time to serve Dr. Little, as the Court has done in other cases involving *pro se* prisoner plaintiffs serving third party contractors with the prison, if counsel so requests.